IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**WAYNE CHRISTOPHER WATKINS,**

    **Plaintiff,**

v.                                           **Civil Action No. 3:18-CV-203**
                                                       **(GROH)**

**V. MATTESON,**
**L. BUTLER,**
**J. CONNELLY, and**
**JENNIFER SAAD,**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On December 20, 2018, the *pro se* Plaintiff, who is a federal prisoner incarcerated at Memphis FCI, in Memphis, Tennessee, initiated this case by filing an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), claiming his Constitutional rights were violated. ECF No. 1.[1] Plaintiff was previously confined at FCI Gilmer in Glenville, West Virginia. It was during his confinement at FCI Glenville that the events occurred which led to this civil action being filed.

Defendants filed a motion to dismiss, or for summary judgment, a memorandum and exhibits in support thereof on April 23, 2020. ECF Nos. 58, 59, 59-1.

The matter is now before the undersigned United States Magistrate Judge for a

---

[1] All CM/ECF numbers cited herein are from the instant case, 3:18-CV-203, unless otherwise noted.

Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that Plaintiff's complaint be dismissed with prejudice.

## II.  FACTUAL AND PROCEDURAL HISTORY

In his complaint Plaintiff named as defendants the Correctional Officer who wrote an incident report against him, his institutional case worker, his institutional counselor, and the warden.  ECF No. 1.  In his sole ground for relief, Plaintiff asserts that following his conviction for indecent exposure for urinating in view of a female correctional officer, Defendants improperly classified him as a sex offender, resulting in defamation, which violated his equal protection rights.  Id. at 25 – 26.  Plaintiff claims that these actions caused him severe mental anguish, severe anxiety, and caused him to fear physical retaliation and death.  Id. at 27.

Attached to the complaint are a number of exhibits and administrative remedy documents including: the October 21, 2017, Incident Report [ECF No. 1 at 6]; an Administrative Remedy request, for grievance number 934309-F1, dated March 5, 2018 [Id. at 8]; a rejection notice from the Administrative Remedy Coordinator from Gilmer FCI, for grievance number 934309-F1, dated March 21, 2018 [Id. at 7]; a regional administrative remedy appeal for grievance number 936721-R1, dated March 28, 2018 [Id. at 10 – 13]; a rejection notice from the Mid-Atlantic Regional Office, for grievance number 936721-R1, dated April 11, 2018 [Id. at 9]; a regional administrative remedy appeal for grievance number 936721-R1, dated May 25, 2018 [Id. at 15]; a rejection notice from the Mid-Atlantic Regional Office, for grievance number 936721-R2, dated

June 7, 2018 [Id. at 14 – 17]; a Central Office administrative remedy appeal[2] dated May 20, 2018 [Id. at 21];  and a rejection notice from the Central Office for grievance number 934309-A1, dated July 13, 2018 [Id. at 20].

Plaintiff seeks seventeen million dollars ($17,000,000.00) in damages, and seeks to have the incident report filed against him be expunged, his Walsh[3] Act Classification be removed, to be transferred to another facility, and to have any restriction between himself and his co-defendant be eliminated in order to pursue a joint appeal.  ECF No. 1 at 27.

On September 3, 2019, Plaintiff filed a memorandum in support of his claims. ECF No. 22.  The Court issued a notice of deficient pleading on September 5, 2019, because the memorandum did not comply with the Local Rules of Prisoner Litigation Procedure.  ECF No. 23.  Petitioner then filed a memorandum with a number of duplicated exhibits to those appended to the complaint, and a Central Office administrative remedy appeal, dated June 20, 2018.  ECF No. 36-3 at 13 – 15.

On February 3, 2020, Plaintiff filed a declaration with an attached copy of the incident report which is more fully completed, and which contains the findings of the UDC.  ECF No. 46-1.

Defendants filed a motion to dismiss, or in the alternative, for summary judgment, memorandum and exhibits in support of the motion, on April 23, 2020.  ECF Nos. 58, 59, 59-1, 59-2.  Defendants argue that Plaintiff is not entitled to relief on the following

---

[2]  The copy of the appeal signed by Plaintiff does not carry a grievance number, however, the rejection notice dated July 13, 2018, lists the remedy number as 934309-A1, for an appeal received June 26, 2018.  ECF No. 1 at 20.

[3]  Plaintiff refers to the Adam Walsh Child Protection and Safety Act of 2006, and the resulting national registry for convicted sexual offenders.

3

grounds: (1) Plaintiff failed to exhaust administrative remedies; (2) Plaintiff failed to assert a cognizable Bivens claim based on the holding of Ziglar v. Abbasi, 137 S.Ct. 1842 (2017); (3) Plaintiff failed to assert a cognizable Bivens claim because his complaint amounts to a challenge to a disciplinary proceeding; (4) the doctrine of respondeat superior does not apply in Bivens actions; (5) even if Plaintiff were falsely accused, there is no Constitutional right to be free from false accusations; (6) Plaintiff's due process rights were not implicated; (7) Plaintiff failed to allege facts to demonstrate an equal protection claim; and (8) Defendants are entitled to qualified immunity.  In the memorandum, Defendants also point out that prior to the incident report Plaintiff's entry in the Bureau of Prisons' SENTRY designation was that he had "No Hist[ory] – No Walsh Act Offense Hist[ory]" as of April 22, 2016, which was changed to "No Conviction – Walsh Act Hist[ory] – No Conviction" as of February 23, 2018, following the UDC finding that Plaintiff was guilty of indecent exposure to Defendant Matteson.  ECF Nos. 59 at 3, 59-1 at 18.

Plaintiff filed a motion for default judgment on May 12, 2020, which asserts that Defendants failed to answer or respond to his complaint.  ECF No. 65.  Plaintiff filed a motion for copies of documents which he claimed he had not received, including Defendants' motion to dismiss, or alternatively, for summary judgment.[4]  ECF No. 71.

---

[4] The Court notes that the certificate of service for the motion for summary judgment lists the following address for Plaintiff: Memphis Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 34550, Memphis, TN 38134.  ECF No. 58 at 2.  That is the same address provided by Plaintiff and listed on the docket sheet.  ECF No. 31.  Further, following the filing of the motion to dismiss, on April 24, 2020, the Court entered an order and Roseboro notice which alerted Plaintiff of his right and obligation to file a response to the motion to dismiss. ECF No. 60.  The return receipt for that order shows that service of the order and Roseboro notice was accepted on May 1, 2020.  ECF No. 64.

### III.  LEGAL STANDARD

A.  Pro Se Litigants

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants

---

[5]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

are immune from suit. . .

490 U.S. at 327.

### B. Civil Rights Actions Under Bivens

In Bivens, supra, the Supreme Court recognized that claimants may assert a cause of action for damages caused by federal agents. In FDIC v. Meyer, 510 U.S. 471, 484 - 86 (1994), the Court held that federal agencies may not be held liable in a Bivens claim, writing, "*Bivens* from its inception has been based . . . on the deterrence of individual officers who commit unconstitutional acts." Id. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 71 (2001).

Pursuant to Bivens, an individual federal agent may be found liable for actions "in excess of the authority delegated to him." 403 U.S. at 397. "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001). The Supreme Court further explained in Malesko:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

534 U.S. at 72. Further, in a Bivens case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights. Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994); See Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir.

1988) ("section 1983 claims[6] [have] the additional pleading requirement that the 'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'").

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. "A *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others." Ziglar v. Abassi, 137 S.Ct. 1843, 1860 (2017).

In Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), the Fourth Circuit:

> set forth three elements necessary to establish supervisory liability under § 1983: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

(internal citations omitted). The Court further explained that, "[t]o satisfy the requirements of the first element, a plaintiff must show the following: (1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a

---

[6] The Court notes that Bivens actions and § 1983 actions are both civil rights actions, and that Bivens actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by 42 U.S.C. § 1983.

pervasive and unreasonable risk of constitutional injury to the plaintiff." Shaw, supra, citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984).

"A plaintiff may establish deliberate indifference by demonstrating a supervisor's "continued inaction in the face of documented widespread abuses"; however, a plaintiff claiming deliberate indifference "assumes a heavy burden of proof." Shaw, 13 F.3d at 799. "Causation is established when the plaintiff demonstrates an "affirmative causal link" between the supervisor's inaction and the harm suffered by the plaintiff." Id.

### C. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a

claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### D. Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a

party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## IV.  ANALYSIS

### A.  Failure to Allege Physical Injury

A review of the complaint pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff fails to present a claim upon which relief can be granted.

The Prison Litigation Reform Act (PLRA) of 1996, placed an important limitation upon all actions arising from incarceration, requiring proof of physical injury arising from the allegedly unconstitutional condition. Under 42 U.S.C. § 1997e(e), no recovery of monetary damages is allowed for emotional stress:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

See Munn Bey v. Department of Corrections, 839 F.Supp.2d 1 (D.D.C. 2011),

Here, Plaintiff seeks $17,000,000.00[7] in monetary damages for "severe mental anguish, and severe anxiety" and fear of physical retaliation or fear of death. ECF No. 1 at 27.  However, Plaintiff does not allege he suffered any physical ailment or injury. Further, he fails to even allege that any physical injuries he might have suffered were the result of the events he describes in his complaint.  Rather, Plaintiff claims to have suffered solely mental injury.  Even if Plaintiff had stated a claim upon which relief could be granted, he is ineligible to receive monetary damages unless he has demonstrated prior physical injury, which is not present here.  Accordingly, Plaintiff is not entitled to monetary relief, and his claim must be dismissed with prejudice.

---

[7] Plaintiff seeks joint and several compensatory damages of $16,400,000.00 against each Defendant and punitive damages of $150,000.00 from each Defendant.  ECF No. 22 at 10.

### B. Relief Sought is Not Available in a Bivens Action

A petition filed pursuant to § 2241 is the appropriate method to challenge a due process violation as part of a prison disciplinary proceeding. Burgess v. Dunbar, 628 Fed. Appx. 175 (4th Cir. 2015). Plaintiff's complaint and subsequent pleadings all challenge a prison disciplinary proceeding which resulted in his conviction for indecent exposure. Although Plaintiff's single claim in this action seeks monetary damages for injuries which Plaintiff alleges he suffered following his prison disciplinary proceeding, as addressed above, is not cognizable in a Bivens action.

Further, to the extent that Plaintiff seeks relief other than monetary damages, such relief is not permissible in a Bivens action. The Supreme Court held in Malesko that, "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." Plaintiff's requests that this court expunge the incident report from the October 21, 2017, event, and transfer[8] Plaintiff to a separate institution. However, the Court cannot consider such a request for relief in a Bivens action.

The undersigned recognizes that Plaintiff also appears to be seeking mandamus relief in the form of an order by this Court which directs the Bureau of Prisons at FCI Gilmer to transfer him to another facility and to remove the Walsh Act Classification from his record. ECF No. 22 at 10. However, this action filed pursuant to Bivens, is an improper vehicle to obtain such relief.

Accordingly, because Plaintiff can prove no set of facts which would entitle him to mandamus relief, he fails to state a claim upon which relief may be granted as to the request to expunge his institutional disciplinary record.

---

[8] The Court notes that it does not have the authority to designate where an inmate will be confined, but that such authority lies with the Bureau of Prisons.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE**.

It is also **RECOMMENDED** that Defendants' motion to dismiss or in the alternative for summary judgment [ECF No. 58] be **GRANTED**. It is further **RECOMMENDED** that Plaintiff's motions [ECF No. 65, 71] be **DENIED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as

14

reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:   December 23, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE